UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
UNITED STATES OF AMERICA,     )
                              )
                              )
         v.                   )    CRIMINAL ACTION
                              )    NO. 04-10288-RWZ
GUISEPPE TORRENTE,            )
         Defendant,           )
_____)
```

**MEMORANDUM AND ORDER ON PRETRIAL SERVICES' REQUEST FOR REVOCATION OF GUISEPPE TORRENTE'S RELEASE ON CONDITIONS**
**August 31, 2005**

**SWARTWOOD, C.M.J.**

I. Background

On September 22, 2004, an Indictment was returned, charging Guiseppe Torrente ("Mr. Torrente"), and others, with conspiracy to possess with intent to distribute and distribution of oxycodone, in violation of 21 U.S.C. §§41(a)(1) and 846.

On July 15, 2004, Mr. Torrente was released on the following relevant conditions:

      (1)    The Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

      . . .

      (a)    Report in person and/or by telephone to Pretrial Services, in Boston, as directed. . .

      . . .

   (r) Submit to any method of testing required by the Pretrial Services Officer for determining whether the defendant is using a prohibited substance.

. . .

On April 6, 2005, Mr. Torrente plead guilty to the offenses charged in this Indictment and his sentencing has been scheduled for September 15, 2005.

## II. Nature of the Proceeding

On July 21, 2005, the Pretrial Services' Officer assigned to supervise Mr. Torrente filed a Petition For Action On Conditions Of Pretrial Release.  On July 26, 2005, Judge Zobel authorized a warrant to issue for Mr. Torrente's arrest for violation of his conditions of release.  Thereafter, the matter was referred to me for a revocation hearing.

## III. Facts

1. Mr. Torrente has stipulated to the relevant facts contained in a Memorandum dated July 21, 2005, from Thomas M. O'Brien, U.S. Pretrial Services' Officer and addressed to Judge Zobel.  Govt. Ex. 1.[1]  Therefore, the parties have stipulated to the following facts:

  (1) On May 3, 2005, Mr. Torrente tested positive for cocaine and admitted that on May 1, 2005, while drinking alcohol with friends, he used cocaine.

  (2) Mr. Torrente failed to report to Pretrial Services for drug testing on the following dates: July 7, July 12, July

---

[1] Mr. Torrente disputes the fact that he failed to appear for drug testing on July 5, 2005 and with the assent of the Government, I have deleted that fact from the stipulation.

       15, July 20, 2005.

(3) Mr. Torrente failed to report, in person, to Pretrial Services on July 7, 2005.

(4) On July 18, 2005, Mr. O'Brien left a specific voice mail message, directing Mr. Torrente to report, in person, to Pretrial Services on July 19, 2005. Mr. Torrente failed to report as directed.

## IV. Discussion

Section 3148(b) provides that the judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer –

(1) finds that there is –

    (A) probable cause to believe that the person has committed a Federal, State or local crime while on release; or

    (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that –

    (A) based on the factors set forth in §3142(g) of this Title, there is no condition of combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person in the community; or

    (B) the person is unlikely to abide by any condition or combination of conditions of release.

In this case, the Government asserts that Mr. Torrente's conditions of release should be revoked on the grounds that there is probable cause to believe that Mr. Torrente has committed a criminal offense while on release and clear and convincing evidence

that he has violated other conditions of release.

    A.    <u>Whether Mr. Torrente Violated His Conditions of Release</u>

Mr. Torrente has admitted that he used cocaine while on release and therefore, there is more than probable cause that he committed a crime while on release.

Secondly, Mr. Torrente failed to appear for drug testing on multiple dates and failed to appear in person at the Pretrial Services Office as directed on at least two separate occasions.

    B.    <u>Whether Detention Is Warranted</u>

Since I have found that Mr. Torrente has committed a criminal offense while on release, a rebutable presumption arises that no condition or combination of conditions will assure that he will not pose a danger to the safety of any other person or the community if he were released.  In order to determine whether or not there are conditions of release that will assure that Mr. Torrente will not pose a danger to the community, I am required to examine the provisions of Section 3142.  In making that examination, I conclude that although Mr. Torrente has made a valiant effort to combat his drug addiction, he failed in that effort after he plead guilty in this case and before he was sentenced.  Therefore, considering Mr. Torrente's commission of a crime while on release (use of cocaine), his failure to appear for random drug testing as directed, and the fact that he is about to be sentenced in a little more than two weeks, I conclude that there are no conditions that I can impose that would protect the safety of the community if he were released.

Additionally, I find that if he was released, he would likely use illegal drugs.

### V. Order of Detention Pending Trial

In accordance with the foregoing memorandum, IT IS ORDERED:

1. That Mr. Torrente be committed to the custody of the Attorney General, or her designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Torrente be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Torrente is detained and confined shall deliver Mr. Torrente to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

### RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE